THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOZAY ROYAL, | : | |
|    Plaintiff, | : | |
| | : | |
| V. | : | CIVIL ACTION NO. 21-CV-4439 |
| | : | |
| MACY'S CORPORATION, *et al.*, | : | |
|    Defendants. | : | |

**MEMORANDUM**

**ROBRENO, J.**                                                                                          **OCTOBER 25, 2021**

      Hozay Royal, a convicted inmate currently in custody at the Montgomery County Correctional Facility, has filed this action using the Court's preprinted form for prisoners to use to file civil rights claims. Royal names as Defendants Macy's Corporation ("Macy's") and Jay Nakahara, who is identified as a detective with the Upper Merion Police Department. Royal also seeks leave to proceed *in forma pauperis*. For the reasons that follow, the application to proceed *in forma pauperis* will be granted, the Complaint will be dismissed in part with prejudice and the balance of the claims will be served for a responsive pleading.[1]

---

[1] In drafting his Complaint, Royal checked the boxes on the form he used indicating that he seeks to name both Defendants in their individual and official capacities. Royal appears not to have understood the implication of checking the official capacity box. Claims against municipal employees such as Nakahara named in their official capacity are indistinguishable from claims against the governmental entity that employs the Defendant, here Upper Merion Township. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

      To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Royal fails to allege that he suffered a constitutional violation

1

I.      **FACTUAL ALLEGATIONS**

Royal alleges that he was attending a preliminary hearing on July 11, 2019 on an unrelated matter when Defendant Nakahara arrested him without probable cause.  Two Macy's employees, Gary Kinsley[2] and Nicholas Redmond, had told Nakahara that Royal committed a retail theft on February 21, 2019.  (ECF No. 2 at 13.)  Nakahara handcuffed Royal, placed him in his police vehicle, and took him to the Upper Merion Police station where he was fingerprinted, photographed, and charged based on Kinsley and Redmond's information  (*Id.*)  Nakahara transported Royal to a district justice in King of Prussia to be arraigned on the retail theft charge and Royal was then released on unsecured bail.  (*Id.*)  The affidavit of probable cause that Nakahara allegedly prepared and submitted for an arrest warrant asserted that Nakahara received information from Kinsley that Royal "had conducted multiple thefts from the store between February 19, 2019 through March 02, 2019 as follows: . . . On February 21, 2019, Hozay selects three (3) JA Henkels brand knives with a total value of $618.97, he then exits the store at 1936 hrs, passing all points of sale without rendering payment for the merchandise."[3]  (*Id.* at 15 (ellipses in original).)

---

due to a policy or custom of Upper Merion Township.  Accordingly, his official capacity claims against Nakahara are not plausible and must be dismissed without prejudice.  The Court will entertain a request by Royal to amend his pleading to reassert an official capacity claim/*Monell* claim against Upper Merion Township should Royal be able to cure this defect, but will not delay service of process at this time.
    Since an official capacity claim is just another way of pleading an action against a public entity employer, Macy's cannot be named in its "official capacity" since that term has no meaning with regard to a non-public entity.  The official capacity claim against Macy's will be dismissed with prejudice.

[2] Kinsley's name is not spelled consistently throughout Royal's Complaint.

[3] Royal handwrote this quotation and did not attach a copy of the affidavit to his Complaint.  The Court assumes for purposes of statutory screening that Royal has accurately quoted the affidavit.

On March 8, 2020, Royal's criminal defense attorney Brie Halfond,[4] allegedly told him at the trial for the February 21, 2019 charge that a Macy's employee named Bernard Bulos and Kinsley would testify that a security apparatus called "TruVue" detected that merchandise an individual shown in a still photo (*i.e.*, Royal) was carrying was unpaid for.  Royal alleges that he was not stopped on that date at the store or arrested on that date.  (*Id.* at 13.)  He also asserts that no Macy's employee observed the event, and no police officer observed the event prior to March 5, 2019.  (*Id.* at 14.)  On March 9, 2020, at his scheduled trial on the charge, the Montgomery County District Attorney's Office withdrew the charge for retail theft that was alleged to have occurred on February 21, 2019 at the Macy's store in King of Prussia.[5]  (*Id.*)  Royal contends

---

[4] Royal incorrectly identifies her as "Bre Hatford."

[5] A review of public records shows that Royal was arrested several times for retail theft in Montgomery County.  He was charged with a retail theft and related charges that occurred on August 2, 2018.  *Commonwealth v. Royal*, CP-46-CR-0005423-2018 (C.P. Montgomery).  He was represented by Attorney Halfond when he entered a guilty plea on January 30, 2020 to the retail theft charge and the other charges were *nolle prossed*.  Royal was also arrested on June 11, 2019 and charged with three counts of retail theft that occurred on May 12, 2019.  C*ommonwealth v. Royal*, CP-46-CR-0004376-2019 (C.P. Montgomery).  The arresting officer on this case is listed as Defendant Nakahara.  Again represented by Attorney Halfond, he entered a guilty plea on March 10, 2020 to the retail theft charges.  Royal was also arrested on March 11, 2019 and charged with three counts of retail theft that occurred on March 5, 2019 in *Commonwealth v. Royal*, CP-46-CR-0004389-2019 (C.P. Montgomery).  The arresting officer on that case is also listed as Defendant Nakahara.  Royal entered guilty pleas to those charges on March 10, 2020.
   None of these arrests and convictions have dates that coincide with the dates that Royal asserts for the arrest that forms the basis of his claims in this case.  Accepting his allegations as true, as the Court is required to do when screening his complaint under 28 U.S.C. § 1915(e)(2)(B), the Court accepts for purposes of statutory screening that none of the arrests and convictions documented in the public records constitute a bar to proceeding with Royal's claims at this time.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]") (footnote and citation omitted).

there was no probable cause for his arrest on the charge because the security apparatus was not capable of detecting whether tagged merchandise has been paid for, and did not activate a camera to take a picture or video as Macy's employees had asserted. (*Id.*)

Royal asserts constitutional and state law claims for false imprisonment, malicious prosecution, false arrest, and loss of society against all Defendants, as well as "fabrication of evidence", negligence, negligent supervision, perjury, and false arrest against Macy's. (*Id.* at 16.) He seeks money damages in the amount of $175,000 against each Defendant. (*Id.*)

## II.   STANDARD OF REVIEW

The Court grants that Royal leave to proceed *in forma pauperis*.[6] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Royal is proceeding *pro se*, the Court construes his

---

[6] However, because he is a prisoner, Royal must still pay the full amount of the filing fee in installments as required by the Prison Litigation Reform Act.

allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

Because Royal used the Court's preprinted form for filing civil rights claims, the Court understands him to be asserting constitutional violations as well as state law claims against the Defendants. The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Macy's is alleged to be a corporation that operates a retail store in King of Prussia. (ECF No. 2 at 2.) Because it is a private entity, it is not a state actor subject to liability under § 1983. Whether a private entity is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials;

5

and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). The test imposed for determining whether a private party is exercising a traditionally exclusive public function is "a rigorous standard that is rarely satisfied for while many functions have been traditionally performed by governments, very few have been exclusively reserved to the State." *Robert S. v. Stetson Sch., Inc.*, 256 F.3d 159, 165-66 (3d Cir. 2001) (internal quotations and alterations omitted) (holding that private school at which plaintiff was placed as a minor by the Department of Human Services was not a state actor); *see also Leshko*, 423 F.3d at 347 (foster parents were not exercising a traditionally exclusive public function and were not state actors despite contractual relationship with social services agency).

"Complaining in person to the police or filing a civilian criminal complaint are not acts of the State; they are acts that anyone can do. Filing a report or a civilian complaint does not transform a private citizen into a State actor." *Sous v. Timpone*, Civ. A. No. 15-7972, 2016 WL 2625325, at *4 (D.N.J. May 9, 2016) (citing *Boyce v. Eggers*, 513 F. Supp. 2d 139, 144-45 (D.N.J. 2007)). Participation in the related police investigation does not render a private person a state actor for purposes of § 1983. *See Baack v. Rodgers*, Civ. A. No. 14-875, 2014 WL 4632380, at *1, 3 (E.D. Pa. Sept. 17, 2014) (rejecting § 1983 false arrest claim against a hospital and two of its employees who filed a police report regarding plaintiff's conduct because

"reporting suspicious conduct to the police — or answering police questions about that conduct — without more, does not transform the Hospital Defendants into state actors" (citations omitted)); *Collins v. Christie*, Civ. A. No. 06-4702, 2007 WL 2407105, at *4 (E.D. Pa. Aug. 22, 2007) ("[E]ven if Dr. Columbo intentionally provided the false information to the police, the plaintiff would still fail to state a claim under § 1983."); *O'Neil v. Beck*, Civ. A. No. 04-2825, 2005 WL 2030319, at *2 (M.D. Pa. Aug. 4, 2005) (concluding that allegations that a private citizen filed a false police report and wanted to see the plaintiff arrested are "simply insufficient" to establish that the private citizen is a state actor for purposes of a claim brought pursuant to section 1983). Accordingly, any constitutional claims Royal seeks to assert against Macy's are dismissed with prejudice.

### IV.  CONCLUSION

For the reasons stated, the official capacity claims and constitutional claims asserted against Macy's will be dismissed with prejudice. The official capacity claim against Nakahara will be dismissed without prejudice. The remaining claims will be served for a responsive pleading. An appropriate Order follows.