IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HOZAY ROYAL,                          :
                                      :   CIVIL ACTION
          Plaintiff,                  :   NO. 21-4439
                                      :
     v.                               :
                                      :
MACY'S CORPORATION, et al.            :
                                      :
          Defendants.                 :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                         MAY 11, 2022

Before the Court are two motions to dismiss pro se
Plaintiff Hozay Royal's amended complaint, filed by Defendants
Macy's Corporation and Upper Merion Township police detective
Jay Nakahara.[1] Royal has not filed oppositions to the motions.[2]

For the reasons that follow, Nakahara's motion will be
granted, and Macy's motion will be granted in part and denied in
part.

## I.   FACTUAL AND PROCEDURAL HISTORY[3]

---

[1]   Royal's remaining claims against Nakahara are brought
against Nakahara only in his individual capacity.

[2]   The Third Circuit has held that motions to dismiss should
not be granted solely because they are unopposed. Stackhouse v.
Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991). Thus, the Court
will consider the motions on the merits, especially given that
Royal is pro se.

[3]   The facts in the complaint are taken as true and viewed in
the light most favorable to Swartz. DeBenedictis v. Merrill
Lynch & Co., 492 F.3d 209, 215 (3d Cir. 2007).

Royal alleges that he was arrested by Nakahara on July 11, 2019 based on allegations from two Macy's employees, Gary Kinsey and Nicholas Redmond, that Royal stole goods from Macy's on February 21, 2019. He was also arrested at the same time for five other counts of retail theft from Macy's on other dates, as well as for a seventh count of receiving stolen property. After his arrest, he was released on bail.

Royal alleges that the retail theft charge for February 21, 2019 was withdrawn by the district attorney directly before his March 9, 2020 criminal trial on the remaining theft counts (for which the jury found him guilty).[4]

---

[4]    Macy's agrees that the February 21, 2019 retail theft count was withdrawn, while Nakahara contends that this count was not withdrawn and that Royal was actually convicted of the February 21, 2019 theft. Nakahara contends that, instead, the seventh count for receiving stolen goods was withdrawn. Both Defendants seek judicial notice of various documents from the criminal trial related to these assertions.
    The Court takes judicial notice of the documents concerning Royal's retail theft trial and conviction, including the docket, criminal complaint, affidavit of probable cause, bill of information, and sentencing sheet as they are matters of public record and their accuracy cannot be reasonably questioned. See Fed. R. Evid. 201(b)(2); S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 413 (3d Cir. 1999) ("[W]e may take judicial notice of [a prior] opinion as a matter of public record.").
    Regardless, however, for the purposes of these motions the Court will take as true Royal's allegation that the district attorney withdrew the February 21, 2019 retail theft count. Indeed, this appears to be the case in any event. The March 9, 2020 trial transcript indicates that the prosecution withdrew Count VII for receipt of stolen property and sought to withdraw the February 21, 2019 retail theft count, which was found in Count II, and replace it with a March 5, 2019 retail theft count. ECF No. 22-7 at 5-9. The trial court allowed the

During the March 9, 2020 trial on the remaining theft
counts, Royal alleges that Kinsey and another Macy's employee,
Bernard Bulos, testified that Macy's used a theft detection
system called TrueVue to read radio frequency identification
("RFID") tags on the items allegedly stolen by Royal and to take
pictures of Royal as he left Macy's. Kinsey and Bulos also
allegedly produced a photo of Royal with a statement written on
it "that the TrueVue system read that [Royal] had three pieces
of cutlery in his shopping bag that was unpaid when he exited
Macy's on February 21, 2019." Am. Complt. ECF No. 16 at 2.

Royal alleges that these employees perjured themselves and
created false evidence because Royal contacted the manufacturer
of the theft detection system which told him that the pedestals
used at Macy's exits to read the RFID tags "only produce audio
and visual alarms when there is a RFID reading . . . ." Id. at
3. Royal claims that because there was no alarm on February 21,
2019, "there was no reading of an RFID event at all," presumably
meaning that the Macy's employees fabricated the theft. Id.

Royal filed his case on October 8, 2021 and currently
asserts the following counts in his amended complaint in

---

substitution. Id. at 9. The trial transcript also clearly
indicates that the February 21, 2019 theft was not part of the
trial while the March 5, 2019 theft was. Thus, while Royal was
convicted of Count II, the record makes clear that, by the day
of trial, Count II no longer represented the February 21, 2019
theft.

connection with the February 21, 2019 count of retail theft that
was ultimately withdrawn before trial: (1) false imprisonment
against Nakahara; (2) malicious prosecution against Nakahara;
(3) arrest without probable cause against Nakahara; (4)
malicious prosecution against Macy's; (5) fabrication of
evidence against Macy's; (6) perjury against Macy's; (7)
detention without probable cause against Macy's; (8) "loss of
society and familial based on fraud and perjury;" and (9)
negligent supervision by Macy's of its employees in the loss
prevention department. Id. at 4-5.

## II.  LEGAL STANDARD

A party may move to dismiss a complaint for failure to
state a claim upon which relief can be granted. Fed. R. Civ. P.
12(b)(6). When considering such a motion, the Court must "accept
as true all allegations in the complaint and all reasonable
inferences that can be drawn therefrom, and view them in the
light most favorable to the non-moving party." DeBenedictis,
492 F.3d at 215 (internal quotation marks omitted).

To withstand a motion to dismiss, the complaint's
"[f]actual allegations must be enough to raise a right to relief
above the speculative level." Bell Atl. Corp. v. Twombly, 550
U.S. 544, 555 (2007). The pleadings must contain sufficient
factual allegations so as to state a facially plausible claim
for relief. See, e.g., Gelman v. State Farm Mut. Auto. Ins. Co.,

4

583 F.3d 187, 190 (3d Cir. 2009). "A claim has facial
plausibility when the plaintiff pleads factual content that
allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." Id. (quoting
Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).

## III. DISCUSSION

### A.   Statutes of Limitations

On July 11, 2019, Royal was arrested and briefly detained
before being released on bail for, inter alia, the February 21,
2019 theft. Royal filed his original complaint on October 8,
2021.

Royal's claims for false imprisonment (Count 1), arrest
without probable cause (Count 3), and detention without probable
cause (Count 7) all arise from Royal's July 11, 2019 arrest.
However, claims for false arrest and false imprisonment under
Pennsylvania law are subject to a two-year statute of
limitations. Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009); see
also Wallace v. Kato, 549 U.S. 384, 387-89, (2007) (concluding
that false arrest claims mature at the time of the arrest and
false imprisonment claims mature when the illegal imprisonment
ends; and looking to state law for the applicable limitations
period); 42 Pa. Cons. Stat. § 5524 (providing a two-year statute
of limitations).

In that Royal filed his complaint more than two years after

July 11, 2019 (when he was arrested and released on bail),
Counts 1, 3, and 7 of the amended complaint will be dismissed
with prejudice as they are untimely.

Similarly, to the extent Royal is alleging in Count 9
negligent supervision in relation to the actions of Kinsey and
Redmond on February 21, 2019 or July 11, 2019, that claim would
be time-barred since negligent supervision also has a two-year
statute of limitations. See Ormsby v. Luzerne Cty. Dep't of Pub.
Welfare Off. of Hum. Servs., 149 F. App'x 60, 62 (3d Cir. 2005);
Toy v. Metro. Life Ins. Co., 863 A.2d 1, 14 (Pa. Super. 2004),
aff'd, 928 A.2d 186 (Pa. 2007). Thus, this aspect of Count 9
will be dismissed with prejudice.

### B.   Negligent Supervision

To the extent that in Count 9 Royal is alleging negligent
supervision of Kinsey and Bulo in connection with their
testimony during the March 9, 2020 trial, this claim fails.

To recover for negligent supervision under Pennsylvania
law, a plaintiff must prove that:

> his loss resulted from (1) a failure to exercise ordinary
> care to prevent an intentional harm by an employee acting
> outside the scope of his employment, (2) that is
> committed on the employer's premises, (3) when the
> employer knows or has reason to know of the necessity
> and ability to control the employee.

Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 487–88 (3d Cir.
2013). Negligent supervision also "requires the four elements of
common law negligence, i.e., duty, breach, causation, and

6

damages." Id. at 488 (citing Brezenski v. World Truck Transfer, Inc., 755 A.2d 36, 42 (Pa. Super. 2000)).

First, the amended complaint fails to allege, inter alia, any action on March 9, 2020 that occurred in Macy's nor does it allege any actions outside the scope of any employee's employment. Second, since Royal alleges that the February 21, 2019 count was withdrawn before trial, the testimony provided by Kinsey and Bulos at the trial would not have been about that claim. Thus, any alleged malfeasance by Kinsey and Bulos during the trial cannot further Royal's negligent supervision claim regarding the February 21, 2019 theft arrest. Thus, this aspect of Count IX will be dismissed without prejudice.

### C.   Malicious Prosecution

In Counts 2 and 4, Royal raises claims of malicious prosecution against Nakahara and Macy's respectively regarding the February 21, 2019 theft claim. Under Pennsylvania law, a plaintiff alleging malicious prosecution must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice. Cosmas v. Bloomingdales Bros., 660 A.2d 83, 85 (Pa. Super. 1995); Gatter v. Zappile, 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999), aff'd, 225 F.3d 648 (3d Cir. 2000).

7

Royal arguably meets the first two requirements as to both Nakahara and Macy's since he alleged that the February 21, 2019 count of retail theft was withdrawn. See Restatement (Second) of Torts § 659(c) (providing that "[c]riminal proceedings are terminated in favor of the accused by," inter alia, "the formal abandonment of the proceedings by the public prosecutor"). Below, the Court will address the remaining two factors in connection with Nakahara and Macy's.

### 1.   Nakahara (Count 2)

Royal's complaint provides that Nakahara arrested Royal after Kinsey and Redmond, who worked in Macy's loss prevention department, alerted him to the alleged theft on February 21, 2019. Other than to allege in a conclusory fashion that the arrest was without probable cause and to allege that Nakahara did not observe Plaintiff on February 21, 2019, Royal does not allege a lack of probable cause.

Instead, the allegations in Royal's amended complaint, viewed as true and with all inferences drawn in his favor, indicate the existence of probable cause to arrest Royal based on the allegations Macy's relayed to him, regardless of whether those allegations were actually true. See Est. of Smith v. Marasco, 318 F.3d 497, 514 (3d Cir. 2003) (providing that "probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are

8

sufficient in themselves to warrant a reasonable person to
believe that an offense has been . . . committed" and that a
court may find "that probable cause did exist as a matter of law
if the evidence, viewed most favorably to Plaintiff, reasonably
would not support a contrary factual finding") (quoting first
Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3d Cir.
1995) and then Sherwood v. Mulvihill, 113 F.3d 396, 401 (3d Cir.
1997)); Sharrar v. Felsing, 128 F.3d 810, 818–19 (3d Cir. 1997)
(providing that "[w]hen an officer has received his information
from some person . . . who it seems reasonable to believe is
telling the truth, he has probable cause") (quoting Grimm v.
Churchill, 932 F.2d 674, 675 (7th Cir. 1991)). Royal also fails
to ascribe any malicious motive to Nakahara. Thus, Count 2
against Nakahara will be dismissed without prejudice.

### 2.   Macy's (Count 4)

In relation to the malicious prosecution claim, Macy's
merely argues that Royal cannot show that the February 21, 2019
theft claim was resolved in his favor when it was withdrawn
because he was found guilty of the other retail thefts. Macy's
provides no relevant support for this proposition and the Court
concludes that the amended complaint adequately alleges that the
February 21, 2019 claim was resolved in Royal's favor.

The Court further concludes that as a pro se plaintiff

whose pleading must be liberally construed,[5] Royal has adequately alleged that Macy's fabricated the February 21, 2019 theft and, knowing its falsity, prosecuted the case with malice up until the time the claim was withdrawn.[6] Thus, the Court will not dismiss Count 4 against Macy's. Discovery should readily show whether this claim has any merit.[7]

### D.   Perjury and Fabrication of Evidence

Counts 5, 6, and 8 of the amended complaint allege fabrication of evidence, perjury, and "loss of society and familial based on fraud and perjury." However, Pennsylvania does not recognize a private civil cause of action sounding in fabrication of evidence or perjury. See Ginsburg v. Halpern, 118 A.2d 201, 202 (Pa. 1955) ("Even if defendants had been shown to have volunteered to be witnesses and then [gave] false testimony against plaintiff [it] would not constitute a valid cause of action . . . . We believe there is no civil action for perjury .

---

[5] See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

[6]   As discussed above in connection with the negligent supervision claim, any alleged misconduct by Kinsey and Bulos during the trial cannot further Royal's malicious prosecution claim regarding the February 21, 2019 theft since that claim was withdrawn before the trial.

[7]   If the Court ultimately determines that Royal's claim is patently frivolous, the Court will entertain motions for sanctions against him under Federal Rule of Civil Procedure 11(b) & (c).

. . .") Therefore, Counts 5, 6, and 8 of the amended complaint will be dismissed with prejudice.

## IV.   CONCLUSION

The Court will dismiss Counts 1, 3, and 7 (for false arrest/detention/imprisonment), as well as 9 (for negligent supervision regarding any events before October 18, 2019) with prejudice as they are time-barred. The Court will also dismiss Counts 5, 6, and 8 (for fabrication of evidence and perjury) with prejudice as they are not cognizable claims.

Count 9 (to the extent it relates to events after October 18, 2019) will be dismissed without prejudice as Royal has failed to make allegations that would support a claim of negligent supervision against Macy's. The Court will also dismiss Count 2 (for malicious prosecution) without prejudice in that Royal has, inter alia, failed to adequately allege that Nakahara acted without probable cause.

The Court will deny Macy's motion as to Count 4, and will not dismiss the malicious prosecution claim against Macy's. Thus, Count 4 is the sole surviving claim in the amended complaint. The Court will provide 30 days for Royal to file a second amended complaint amending any counts that are dismissed without prejudice, or to stand on his amended complaint and pursue only Count 4 against Macy's. If Royal does not file a second amended complaint by the deadline, the Court will

11

understand that he is standing on his amended complaint and will

enter a scheduling order for the remaining claim, count 4 for

malicious prosecution against Macy's.

An appropriate order follows.