IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HOZAY ROYAL,                          :
                                      :      CIVIL ACTION
          Plaintiff,                  :      NO. 21-4439
                                      :
     v.                               :
                                      :
MACY'S CORPORATION, et al.            :
                                      :
          Defendants.                 :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                        September 6, 2022

     Before the Court are two motions to dismiss pro se
Plaintiff Hozay Royal's second amended complaint, filed by
Defendants Macy's Corporation and Upper Merion Township police
detective Jay Nakahara. The Court previously granted the two
Defendants' motions to dismiss the amended complaint.

     For the reasons that follow, the Court will grant the
motions and dismiss Royal's second amended complaint with
prejudice since any further amendment would be futile.

I.   **FACTUAL and PROCEDURAL HISTORY**[1]

     Royal alleges that he was arrested by Nakahara on July 11,
2019 based on allegations from Gary Kinsey, Macy's Northeast
Region Investigator, that Royal stole goods from Macy's on six
dates, including February 21, 2019. After his arrest, Royal was

---

[1]   The facts in the complaint are taken as true and viewed in
the light most favorable to Royal. DeBenedictis v. Merrill Lynch
& Co., 492 F.3d 209, 215 (3d Cir. 2007).

released on bail. Royal was then re-arrested on December 29, 2019 and detained until trial.

The relevant affidavit of probable cause signed by Nakahara provides that on March 5, 2019, Royal was arrested for retail theft at Macy's and stolen merchandise valued at $549.99 was recovered from him. The affidavit continues that on March 30, 2019, "Gary [Kinsey] provided [Nakahara] with additional evidence that Hozay had conducted multiple thefts from the store between February 19, 2019 through March 02, 2019," including that on "February 21, 2019, Hozay selects three (3) JA Henckels brand knives with a total value of $618.97; he then exits the store at 1936hrs, passing all points of sale without rendering payment for the merchandise." Second Amended Complaint ("SAC"), Ex. B, ECF No. 38.

During discovery, the prosecution provided videos and photos of Royal allegedly stealing merchandise from Macy's on multiple occasions. In relation to the February 21, 2019 theft, Macy's only provided one photo and no videos.[2] On March 5, 2020, the prosecution explained to Royal's then counsel in an email

---

[2]    See SAC, Ex. A, ECF No. 38; Macy's Motion to Dismiss ("Macy's MTD"), Ex B, ECF No. 40-4. These exhibits show a photo depicting an individual leaving Macy's and listing an inventory of three knives that were detected by Macy's anti-theft system as having been removed by that individual from the store without payment.

that two witnesses would testify at trial that Macy's used an

anti-theft system called

> TrueVue. It reads the UPC and EPCs and compares those to
> sales each day. It generates a report the following day
> for the entire previous day. The UPC is per product but
> the EPC is unique to each individual item. These are on
> barcodes    embedded    in    the    merchandise,    not    all
> merchandise has it. So that's how TrueVue knows which
> item left the store unpaid for.

Id., Ex. C. The email continues that

> [t]he report that TrueVue creates is the spreadsheet
> looking thing in the discovery. On the report, Bernie
> and Gary can then click on everything not paid for that
> day and it gives them a picture of the person leaving
> along with the item info- UPC, EPC, current price that
> day. TrueVue also saves the video of the person exiting
> with the stolen merchandise. However, someone from
> Macy's has to preserve that, which is how we have it
> now. TrueVue also records the times that the merchandise
> left the store when it takes the picture.

Id. Neither Nakahara nor Kinsey witnessed the alleged February

21, 2019 theft in person.

Ultimately, the retail theft charge for February 21, 2019

was withdrawn by the district attorney and replaced by another

shortly before Royal's March 9, 2020 criminal trial on the

remaining theft counts (for which the jury found him guilty).

While incarcerated for the other thefts, Royal obtained an

installation guide for an anti-theft device called the

Sensormatic Synergy Pedestal, which is equipped to emit

customizable lights and sounds when a customer walks past it

without paying for merchandise. See SAC, pp. 7-8; Resp. to

Macy's MTD, Exs. A-C, ECF No. 46. Royal claims, and for the

purposes of these motions the Court accepts, that Macy's TruVue system used this same type of pedestal. Royal also engaged in some brief emails with representatives from Sensormatic. Id. The emails provide cost estimates for a pedestal and its installation and confirm that the pedestal is designed to emit customizable lights and sounds. Id. Royal contends that because the manual and emails do not mention whether the pedestal can trigger cameras, and there were no lights or sounds when he walked past the pedestal in Macy's on February 21, 2019, Macy's employees and Nakahara lied about how TrueVue works and created false evidence in the form of the February 21, 2019 photo of Royal.

Royal filed his original complaint on October 8, 2021 alleging false arrest and imprisonment, malicious prosecution, fabrication of evidence, negligent supervision, and other related claims in connection with the February 21, 2019 withdrawn theft charge. The Court dismissed his complaint in part on October 25, 2021. Royal v. Macy's Corp., No. 21-cv-4439, 2021 WL 4963538 (E.D. Pa. Oct. 25, 2021). Thereafter, Royal filed an amended complaint.

On May 11, 2022, this Court granted in part the motions to dismiss the amended complaint filed by Macy's and Nakahara. Royal v. Macy's Corp., No. 21-cv-4439, 2022 WL 1500553 (E.D. Pa. May 11, 2022). Specifically, the Court dismissed Counts I, III,

4

and VII (for false arrest/detention/imprisonment against
Nakahara and Macy's), as well as IX (for negligent supervision
against Macy's regarding any events before October 18, 2019)
with prejudice as they were time-barred. Id. at *2-3. The Court
dismissed Counts V, VI, and VIII (for fabrication of evidence
and perjury against Macy's) with prejudice as they were not
cognizable claims. Id. at *4. The Court dismissed without
prejudice Count IX (for negligent supervision against Macy's, to
the extent it could relate to events after October 18, 2019).
Id. at *3. The Court also dismissed without prejudice Count II
(for malicious prosecution against Nakahara). Id. at *4. The
Court denied Macy's motion as to Count IV regarding malicious
prosecution since Macy's had failed to meet its burden of proof
in that it merely argued incorrectly that the February 21, 2019
theft claim was not resolved in Royal's favor. Id. As such, the
Court dismissed all but Count IV of the amended complaint but
authorized Royal to stand on his amended complaint or file a
second amended complaint "to address the deficiencies with
Counts [II] and [IX] that were dismissed without prejudice." MTD
Order, ECF No. 33.

Royal elected to file a second amended complaint in which
he asserts ten counts in connection with the withdrawn February
21, 2019 claim of retail theft. Counts I through IV and VI[3] are

---

[3] There is no Count V in the second amended complaint.

against Nakahara for (1) unconstitutional search and seizure;
(2) malicious prosecution; (3) conspiracy to maliciously
prosecute; (4) conspiracy to fabricate evidence; and (5) failure
to "do a proper investigation to corroborate MACY's story." SAC,
pp.8-9, ECF No. 38. Counts VII through XI are against Macy's for
(1) fabrication of evidence; (2) violating "18 Pa.C.S.A. § 4904,
in giving false information to NAKAHARA to cause the unlawful
arrest and detention of Plaintiff"; (3) negligent supervision by
Macy's of its employees; (4) causing "the loss of Plaintiff's
business and personal property"; and (5) malicious prosecution.
Id., p.9.

Macy's and Nakahara both filed motions to dismiss all
claims in the second amended complaint.

## II.  LEGAL STANDARD

A party may move to dismiss a complaint for failure to
state a claim upon which relief can be granted. Fed. R. Civ. P.
12(b)(6). When considering such a motion, the Court must "accept
as true all allegations in the complaint and all reasonable
inferences that can be drawn therefrom, and view them in the
light most favorable to the non-moving party." DeBenedictis, 492
F.3d at 215 (quoting Rocks v. City of Philadelphia, 868 F.2d
644, 645 (3d Cir. 1989)).

To withstand a motion to dismiss, the complaint's
"[f]actual allegations must be enough to raise a right to relief

6

above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550
U.S. 544, 555 (2007). The pleadings must contain sufficient
factual allegations so as to state a facially plausible claim
for relief. <u>See, e.g.</u>, <u>Gelman v. State Farm Mut. Auto. Ins. Co.</u>,
583 F.3d 187, 190 (3d Cir. 2009). "A claim has facial
plausibility when the plaintiff pleads factual content that
allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." <u>Id.</u> (quoting
<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).

When "a complaint is vulnerable to 12(b)(6) dismissal, a
district court must permit a curative amendment, unless an
amendment would be inequitable or futile." <u>Phillips v. Cty. of
Allegheny</u>, 515 F.3d 224, 236 (3d Cir. 2008) (citing <u>Grayson v.
Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002)).

**III. DISCUSSION**

   **A.   Probable Cause**

Royal's defense to both motions is primarily based on his
argument that the affidavit of probable cause was insufficient,
which led to Nakahara unconstitutionally arresting him and
Macy's and Nakahara maliciously prosecuting him. The Court will
address the issue of the existence of probable cause to arrest
Royal first and then apply its conclusion to its discussion of
the individual counts in the second amended complaint.

Royal argues that because there was no known eyewitness to

the February 21, 2019 theft and the affidavit of probable cause does not describe who observed Plaintiff stealing the three knives or how he was observed, the arrest warrant resulting from the affidavit was not based on probable cause as the affidavit lacked sufficient underlying facts to demonstrate reliability. Royal claims that the affidavit failed to apprise the magistrate issuing the arrest warrant of the underlying circumstances supporting Kinsey's allegations of theft and Nakahara's implicit conclusion that Kinsey was trustworthy.[4] Given that the warrant was allegedly issued without probable cause, Royal argues that Nakahara therefore lacked probable cause to arrest him for the February 21, 2019 theft.

Generally, the existence of probable cause is a fact question for the jury. Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000). "However, a district court may conclude 'that probable cause exists as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding. . . .'" Id. at 788-89 (quoting Sherwood v. Mulvihill, 113 F.3d 396, 401 (3d Cir. 1997)). All parties appear to contend, and the Court agrees,

---

[4]    Royal appears to conflate the standards for determining whether evidence in a criminal case should be excluded due to a faulty warrant and whether, in a civil action, a plaintiff's rights were violated by being arrested without probable cause. The Court will analyze the existence of probable cause as is appropriate in a civil action alleging constitutional harm.

that this is such a case where it is appropriate for the Court to rule on the question of probable cause as a matter of law.

"Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Id. at 788 (quoting Orsatti v. N.J. State Police, 71 F.3d 480, 482 (3d Cir. 1995)). Royal has the burden of establishing the lack of probable cause. Id. at 789. Thus, at this stage, the Court analyzes whether, viewing the facts in the light most favorable to Royal, his allegations establish that the information known to Nakahara could not have led a reasonable person to believe Royal committed retail theft on February 21, 2019.

Here, the facts as pleaded cannot reasonably support a conclusion that Nakahara lacked probable cause to arrest Royal. Not only did Nakahara receive the information from a facially reliable source, Kinsey (one of Macy's theft investigators), the information he received included that there was a February 21, 2019 picture of Royal leaving Macy's with a specific list of stolen items, and evidence that Royal had stolen from Macy's in a similar fashion multiple times, including being arrested during a theft on March 5, 2019. See Sharrar v. Felsing, 128 F.3d 810, 818-19 (3d Cir. 1997) (providing that "[w]hen an

officer has received his information from some person . . . who it seems reasonable to believe is telling the truth, he has probable cause" (quoting Grimm v. Churchill, 932 F.2d 674, 675 (7th Cir. 1991))), abrogated on other grounds by Curley v. Klem, 499 F.3d 199 (3d Cir. 2007). The fact that no individual physically saw Royal steal the knives on February 21, 2019 did not negate the probable cause Nakahara needed to execute Royal's arrest given the information available to him.

The Court finds that the facts as alleged by Royal support only one conclusion: that Nakahara acted on "reasonably trustworthy information" which was "'sufficient to warrant a prudent man in believing' that the plaintiff had violated the law." Merkle, 211 F.3d at 789 (quoting Hunter v. Bryant, 502 U.S. 224, 228 (1991)). The Court concluded the same in its May 11, 2022 opinion and Royal has not provided any additional allegations in the second amended complaint that could change that conclusion. See Royal, 2022 WL 1500553, at *4 (providing that "the allegations in Royal's amended complaint, viewed as true and with all inferences drawn in his favor, indicate the existence of probable cause to arrest Royal based on the allegations Macy's relayed to [Nakahara]. . . ." (citing Est. of Smith v. Marasco, 318 F.3d 497, 514 (3d Cir. 2003))).

Therefore, the Court concludes as a matter of law that probable cause existed for Nakahara to arrest Royal for, inter

alia, the February 21, 2019 theft.

### B.    The Counts in the Second Amended Complaint

#### 1.    Count I: Unconstitutional Seizure Against Nakahara

Royal argues that his Fourth Amendment rights were violated because he was arrested pursuant to a warrant that lacked probable cause. See Paff v. Kaltenbach, 204 F.3d 425, 435 (3d Cir. 2000) ("The Fourth Amendment prohibits a police officer from arresting a citizen without probable cause."). As recounted above, Nakahara had probable cause to arrest Royal. Thus, this claim must be dismissed with prejudice.

Moreover, the claim is also time-barred for the reasons described in this Court's previous May 11, 2022 decision. See Royal, 2022 WL 15000553, at *2-3. "The statute of limitations for a § 1983 claim arising in Pennsylvania is two years." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (citing 42 Pa. Cons. Stat. § 5524(2)). Here, Nakahara arrested Royal on July 11, 2019, which is more than two years before Royal filed his October 8, 2021 complaint.

#### 2.    Count II: Malicious Prosecution Against Nakahara

Malicious prosecution requires a plaintiff to prove that the defendant "instituted proceedings against the plaintiff 1) without probable cause, 2) with malice, and 3) the proceedings must have terminated in favor of the plaintiff." Kelley v. Gen. Teamsters, Chauffeurs, and Helpers, Loc. Union 249, 544 A.2d

11

940, 941 (Pa. 1988).

Again, in that Nakahara had probable cause to arrest Royal, Royal cannot maintain a malicious prosecution claim against him. Thus, this claim will be dismissed with prejudice.[5]

### 3.   Count III: Conspiracy to Commit Malicious Prosecution Against Nakahara

In that the existence of probable cause defeats Royal's claim for malicious prosecution, his conspiracy claim must also be dismissed with prejudice. See, e.g., Goldstein v. Phillip Morris, Inc., 854 A.2d 585, 590 (Pa. Super. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." (quoting McKeeman v. Corestates Bank, N.A., 751 A.2d 655, 660 (Pa. Super. 2000))).

### 4.   Count IV: Conspiracy to Fabricate Evidence Against Nakahara

In its May 11, 2022 decision, the Court dismissed with prejudice Royal's fabrication of evidence claim in the amended

---

[5]   Royal has also failed to establish malice in relation to any of his malicious prosecution claims. His legal conclusion that malice exists because Macy's employees lied about how the TruVue system worked and fabricated the February 21, 2019 photo of him leaving Macy's is wholly unsupported and speculative. There is no indication that the Sensormatic employees who responded to Royal's emails had any knowledge of the state of Macy's anti-theft equipment at the time of the alleged theft, nor did they state that the pedestal had to emit light and sound or that it could not be used in conjunction with a camera. See SAC, pp. 7-8, ECF No. 38; Resp. to Macy's MTD, Exs. A-C, ECF No. 46.

12

complaint after concluding that "Pennsylvania does not recognize a private civil cause of action sounding in fabrication of evidence. . . ." Royal, 2022 WL 1500553, at *4 (citing Ginsburg v. Halpern, 118 A.2d 201, 202 (Pa. 1955)). Given that there is no valid underlying claim, the claim for conspiracy must also fail. Goldstein, 854 A.2d at 590. Thus, this claim will be dismissed with prejudice.[6]

### 5.   Count IV: Failure to "do a proper investigation to corroborate MACY's story" Against Nakahara

Royal seems to contend that Nakahara violated his rights by failing to adequately investigate the information provided by Kinsey before signing the affidavit of probable cause. However, "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." Graw v. Fantasky, 68 F. App'x 378, 383 (3d Cir. 2003) (citing DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 195–96 (1989)). Moreover, given that Nakahara had probable cause to arrest Royal, his investigation was adequate. The Court will dismiss this claim with prejudice.[7]

---

[6]    As stated above, beyond speculative conclusions, there is also no indication that any party fabricated evidence.

[7]    Given that this claim relates to the events leading to Royal's arrest, which was more than two years before he filed his complaint, the claim, to the extent cognizable, is also time-barred. Kach, 589 F.3d at 634.

### 6.    Count VII: Fabrication of Evidence Against Macy's

As stated, the Court previously dismissed with prejudice Royal's fabrication of evidence claim. <u>Royal</u>, 2022 WL 1500553, at *4 ("Pennsylvania does not recognize a private civil cause of action sounding in fabrication of evidence. . . ." (citing <u>Ginsburg</u>, 118 A.2d at 202)).

This claim remains legally incognizable and the Court again dismisses it with prejudice.

### 7.    Count VIII: Violation of "18 Pa.C.S.A. § 4904, in giving false information to NAKAHARA to cause the unlawful arrest and detention of Plaintiff" Against Macy's

Royal alleges that Macy's violated 18 Pa. C.S.A. § 4904 by making false statements to the police. In that Section 4904 is a criminal statute, Royal does not have standing to bring this claim. <u>See</u> 234 Pa. Code Rule 506 (noting if an individual wishes to bring a private criminal complaint, it must "be submitted to an attorney for the Commonwealth"). Thus, this claim must also be dismissed with prejudice.

### 8.    Count IX: negligent supervision by Macy's of its employees

In its May 11, 2022 opinion dismissing the amended complaint, the Court dismissed with prejudice as time-barred Royal's negligent supervision claim as it related to time periods before October 8, 2019. <u>Royal</u>, 2022 WL 1500553, at *3. The Court also explained that any such claim related to Macy's

employees' testimony during Royal's March 9, 2020 trial also failed. Id.

However, the Court dismissed without prejudice Royal's negligent supervision claim to the extent Royal could allege facts showing that, after October 8, 2019, Macy's failed to exercise ordinary care to prevent intentional harm by its employees acting outside the scope of their employment while on Macy's premises. Id. Royal has not made any such allegations in the second amended complaint or in any other iteration of the complaint. Thus, the court will dismiss with prejudice as futile the remaining parts of Royal's negligent supervision claim.

### 9. Count X: "the loss of Plaintiff's business and personal property" Against Macy's

In Count X, Royal alleges that, as a result of his re-arrest in December 2019, he "lost his internet marketing business and all of his personal property at his residence." SAC, p.9 n.11, ECF No. 38. This count appears to be a claim for damages dressed as a cause of action. In order to be entitled to damages, Royal must have a cognizable underlying tort claim. Given that all of Royal's causes of action will be dismissed with prejudice, the Court will also dismiss this damage claim with prejudice.

### 10. Count XI: Malicious Prosecution against Macy's

As provided above, lack of probable cause is a requirement for malicious prosecution. Kelley, 544 A.2d at 941. Because the

Court concludes that as a matter of law there was probable cause to arrest Royal based on the information provided to Nakahara by Kinsey, Royal's claim for malicious prosecution must be dismissed with prejudice.[8]

**IV.    CONCLUSION**

The Court will dismiss Royal's second amended complaint because it fails to state any claim upon which relief can be granted. The dismissal will be with prejudice since any further amendment would be futile given that Royal has had three opportunities to make viable claims, but they remain time-barred, are non-cognizable, or do not contain provable facts, which when viewed in the light most favorable to Royal, could provide him with relief.

An appropriate order follows.

---

[8]    As stated above, Royal has also failed to establish malice.